# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEGACY CARTER,<br><br>                Plaintiff,<br>     v.<br><br>THE OFFICE OF CHILDREN'S SERVICES,<br><br>THE STATE OF ALASKA,<br><br>                Defendants. | Case No. 3:24-cv-00012-SLG<br><br>Case No. 3:24-cv-00013-SLG |

## ORDER OF DISMISSAL

On January 9, 2024, self-represented litigant Legacy Carter ("Plaintiff") filed a lawsuit against the Alaska Office of Children's Services and another lawsuit against the State of Alaska as captioned above. The Court has screened both cases pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Court has previously addressed and dismissed nearly identical claims brought by Plaintiff against these Defendants based on events that allegedly occurred while Plaintiff was in state foster care.[1]

A court may on its own initiative dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties has been dismissed. If a case is dismissed with prejudice, then a new

---

[1] *See Carter v. State of Alaska, et al.,* Case No. 3:23-cv-00126-SLG, Docket 1 (Complaint), Docket 6 (Screening Order dismissing complaint with leave to amend); Docket 7 (Order of Dismissal for failure to prosecute).

case raising the same issues cannot proceed, because a dismissal with prejudice is considered an "adjudication on the merits."[2] Once a plaintiff's claim is adjudicated, that plaintiff is precluded from bring the same claim again against the same defendant(s) or those in privity with the defendant(s).[3] And a case may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[4]

Finally, Plaintiff has failed to cure deficiencies in previous cases despite repeated opportunities. The Court takes judicial notice[5] of the following cases Plaintiff has filed in the District of Alaska:

| | |
|---|---|
| 3:23-cv-00126-SLG | Carter v. SOA, et al. |
| 3:23-cv-00199-SLG | Carter v. Department of Corrections |
| 3:23-cv-00200-SLG | Carter v. The Anchorage Police Department |
| 3:23-cv-00209-SLG | Carter v. The District Court of Anchorage |
| 3:23-cv-00214-SLG | Carter v. The District Court of Anchorage |
| 3:23-cv-00215-SLG | Carter v. Denali Law Group |

---

[2] Fed. R. Civ. P. 41(b).

[3] *See Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1051 (9th Cir. 2005) (a final judgment on the merits bars further claims by parties or their privies based on the same cause of action). See also *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002) (preclusion applies when "the earlier suit ... (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.").

[4] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records).

Case No. 3:24-cv-00012-SLG, *Carter v. Office of Children's Services*
Case No. 3:24-cv-00013-SLG, *Carter v. State of Alaska*
Order of Dismissal
Page 2 of 3

| | |
|---|---|
| 3:24-cv-00004-SLG | Carter v. Anchorage Police Department |
| 3:24-cv-00014-SLG | Carter v. Anchorage Police |

None of these cases have proceeded past the screening stage, as Plaintiff has failed to state a viable claim for relief in any of these cases. Although the Court has previously accorded Plaintiff leave to file an amended complaint regarding some of the allegations, Plaintiff has failed to timely respond in those cases.[6] Instead, Plaintiff files new cases repeating previously plead claims, and the filings contain the same deficiencies previously identified by the Court. For these reasons, the Court finds that allowing Plaintiff an opportunity to file an amended complaint in either of these cases would be futile.

**IT IS THEREFORE ORDERED:**

1. The above-captioned cases are **DISMISSED with prejudice**.
2. All pending motions are **DENIED as moot.**
3. The Clerk of Court shall issue a final judgment in each of the above-captioned cases.

DATED this 25th day of March, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] *See, e.g., Carter v. The Anchorage Police Department,* Case No. 3:23-cv-00200-SLG, Docket 5 (Screening Order dismissing complaint with leave to amend); Docket 8 (Second Screening Order and Order Consolidating Cases); and Docket 10 (Order of Dismissal for failure to prosecute).

Case No. 3:24-cv-00012-SLG, *Carter v. Office of Children's Services*
Case No. 3:24-cv-00013-SLG, *Carter v. State of Alaska*
Order of Dismissal
Page 3 of 3

Case 3:24-cv-00013-SLG   Document 5   Filed 03/25/24   Page 3 of 3